SARAH REILLY, RESPONDENT, v. LEIGHTON LOBDELL
ET AL., APPELLANTS.

Argued May 25, 1926—Decided October 18, 1926.

On appeal from the Supreme Court.

For the appellants, *Palmer Bradley.*

For the respondent, *Quinn, Parsons & Doremus.*

PER CURIAM.

This action was brought by Mrs. Reilly against the defendants, Lobdell and Dolbey, to recover compensation for injuries received by her by being run down by an automobile of the defendant Lobdell, driven by the defendant Dolbey. The accident occurred while she was crossing White street, in the town of Red Bank. The trial resulted in a verdict against the defendants, and they have appealed from the judgment entered thereon.

The first ground upon which the defendants seek a reversal of this judgment is that the trial court erred in admitting, over their objection, the following question, asked by plaintiff's counsel of the daughter of the plaintiff, Mary Wenzell: "Was there any traffic on the street at that time; any other vehicles of that character on the street near the Ford station wagon" (*i. e.,* the automobile of the defendant Lobdell)? The single ground upon which defendants' counsel bases his objection was that the question was leading. Assuming this to be the fact, its admission or rejection was a matter resting in the discretion of the trial court, and affords no ground for disturbing the judgment under review, even if counsel's assumption was justified. We think, however, that it was not. Mary Wenzell was an eye-witness of the accident, and the purpose of the. question was to show the lack of traffic upon the street at the time of the accident, and, consequently, the ability of the defendant driver to observe Mrs.

Reilly as she was crossing the street. The question was properly framed for the purpose of obtaining the information which was sought.

The next ground for reversal was that the trial court erred in refusing to sustain the objection of defendant's counsel to the following question, which was also asked of Mary Wenzell: "When the driver of this car [Dolbey] was around there that afternoon and said that he turned out and hit your mother to avoid hitting a truck, did you know when he said that to what truck he referred?" The basis of the objection was that the testimony was incompetent so far as the defendant Lobdell was concerned. Counsel for the plaintiff immediately admitted it was not binding on Lobdell. There was no suggestion made on behalf of the defendants that the question was not proper so far as the driver of the car was concerned, nor was there any request by defendants' counsel that the court supplement the admission, made by counsel for the plaintiff, by instructing the jury that the statement of Dolbey was not evidential as against Lobdell. In this situation of the case the ruling admitting the question did not constitute legal error.

Next, it is contended that the court erred in refusing to strike out the answer to a certain question asked of the plaintiff's witness, Anna Farrell. The question was as follows: "Did you see any vehicle in that vicinity?" The answer was, "The only vehicle I remember seeing was Mr. Lobdell's Ford suburban." Counsel for the defendants thereupon moved to strike out the answer upon the ground that it contained a conclusion of ownership which was not binding on the defendant. Thereupon plaintiff's counsel said, "Strike out 'Mr. Lobdell,'" and the court then admitted the answer, except as to Mr. Lobdell's ownership. We conclude that the answer, with the matter of Lobdell's ownership eliminated, was competent and relevant.

Next, it is said that the court erred in refusing to permit one Dr. Wilson, a witness called by the plaintiff, to answer the following question, put to him on his cross-examination: "Is it possible, doctor, now, and will it be possible until the removal of this cast, to say with any certainty just what the

character of the injuries will be?" The question was properly overruled, for the doctor had not testified on his direct examination as to his own opinion with relation to the character or the extent of the injuries received by the plaintiff, except as they had been previously agreed to in a stipulation entered into by the counsel of the respective parties.

Next, it is contended that the court erred in refusing to grant a nonsuit or direct a verdict for the defendants. The basis of these two motions was that the proofs showed conclusively that the plaintiff was guilty of contributory negligence as a matter of law; and also that the action was prematurely brought, because the question of the permanency of the plaintiff's injuries was still undetermined. Neither of these grounds seems to us to have merit. The question of contributory negligence on the part of the plaintiff was clearly one for the jury, on the proofs submitted on her behalf; and the fact that the permanency of the injuries received by her had not been determined at the time of the commencement of the suit was, of course, no bar to her right to recover for the pecuniary loss, if any, which she had already sustained, and for the pain and suffering which she had already undergone. Apparently, according to the theory of counsel for the appellants, a person who is injured under the circumstances present in this case has no right to bring an action like that now before us, until it can be finally— if ever—determined whether or not the injuries from which he or she suffers are permanent, and to what extent they are so.

Lastly, it is said that the trial court erred in its charge with respect to damages. The excerpt from the charge which is made the basis of this ground of appeal covers more than a page of printed matter. Our examination of it leads us to the conclusion that it contains no harmful error, but that, on the contrary, it is a sound exposition of the law which relates to the question of damages in cases like that now under consideration.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.